T.C. Memo. 1997-574

UNITED STATES TAX COURT

LONNIE R. LOWMAN, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6694-97.                    Filed December 29, 1997.

Lonnie R. Lowman, pro se.

Dennis R. Onnen, for respondent.

MEMORANDUM OPINION

RUWE, Judge:  Respondent determined deficiencies in
petitioner's Federal income taxes and additions to tax as
follows:

|  | | Additions to tax | |
| Year | Deficiency | Sec. 6651(a)(1) | Sec. 6654(a) |
| 1993 | $11,183 | $1,068 | $146 |
| 1994 | 12,289 | 2,356 | 433 |
| 1995 | 9,792 | 1,775 | 371 |

Petitioner resided in Basehor, Kansas, when he filed his petition in this case.

This case is before the Court on respondent's motion for judgment on the pleadings, pursuant to Rule 120(a),[1] and motion for imposition of sanctions under section 6673. A judgment on the pleadings is appropriate where the pleadings raise no genuine issue of material fact. See Abrams v. Commissioner, 82 T.C. 403, 408 (1984); Brayton v. Commissioner, T.C. Memo. 1989-664, affd. without published opinion 923 F.2d 861 (9th Cir. 1991).

In his petition, petitioner seems to allege that respondent's determination was improper because the Commissioner lacked constitutional authority to assess and collect the tax in issue. On September 11, 1997, after several unsuccessful attempts to schedule a conference with petitioner, respondent sent requests for admission to petitioner, and on October 3, 1997, respondent received petitioner's response. On October 2, 1997, petitioner served a request for admissions on respondent.

Petitioner's answers to respondent's requests for admission were evasive and unresponsive. In response to respondent's request that petitioner admit that he was a resident of Basehor, Kansas, petitioner admitted he dwells in Basehor, Kansas, but denied he was a resident "for want of [the] meaning of the term."

---

[1]Unless otherwise indicated, all Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code in effect for the taxable years in issue.

In response to respondent's request that petitioner admit that he received wages from the U.S. Postal Service during the years 1993, 1994, and 1995 in the amounts of $50,366, $45,454, and $47,681, respectively, petitioner argued that Federal Reserve notes do not represent money and also denied the requested admission "for want of [the] meaning of '$'."[2]  Upon request for admission that petitioner had failed to file income tax returns for the years 1993, 1994, and 1995, petitioner responded by stating that he was not required to file income tax returns.

The arguments presented by petitioner have been rejected repeatedly over the years and are entirely without merit.  It is well settled that wages received in exchange for services rendered constitute taxable income, Beard v. Commissioner, 82 T.C. 766, 770 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986), and that Federal Reserve notes constitute legal tender which must be reported on a taxpayer's Federal income tax return. United States v. Weir, 679 F.2d 769, 770 (8th Cir. 1982).  The constitutional claim asserted by petitioner is equally without merit and warrants no further discussion.  See McCoy v.

---

[2]Petitioner also denied respondent's request that he admit receipt of interest income, income tax refund, dividend income, a distribution from a retirement plan, and capital gain income for the years in issue "for want of [the] meaning of the term '$'."

Generally, a party's evasive or incomplete response to requests for admission is treated as a failure to respond.  Rules 90, 104(d); see, e.g., Cochrane v. Commissioner, 107 T.C. 18, 23-24 (1996).

Commissioner, 76 T.C. 1027, 1029-1030 (1981), affd. 696 F.2d 1234 (9th Cir. 1983).

On the basis of petitioner's responses to respondent's requests for admission, petitioner's own request for admissions, and petitioner's response to respondent's motion for judgment on the pleadings, it is clear that petitioner's entire position is based on his frivolous constitutional argument and his theory that Federal Reserve notes do not represent money, dollars, or legal tender. No useful purpose would be served by affording the parties further hearing on this matter.

Finally, we must consider respondent's motion for imposition of sanctions under the provisions of section 6673. Section 6673(a)(1) allows this Court to award a penalty not in excess of $25,000 when proceedings have been instituted or maintained primarily for delay, or where the taxpayer's position is frivolous or groundless. A taxpayer's position is frivolous or groundless if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law. Coleman v. Commissioner, 791 F.2d 68, 71 (7th Cir. 1986); Sicalides v. Commissioner, T.C. Memo. 1989-164. We have awarded such a penalty in other cases in which taxpayers have raised the same tax protester type arguments as does petitioner. See, e.g., Casper v. Commissioner, 805 F.2d 902, 905-906 (10th Cir. 1986), affg. T.C. Memo. 1985-154; Koch v. Commissioner, T.C. Memo. 1988-499; Fedele v. Commissioner, T.C. Memo. 1985-569; Hartman v.

<u>Commissioner</u>, T.C. Memo. 1985-482.  In our opinion, such a penalty is appropriate in this case.  Under these circumstances, we award a penalty in the amount of $1,000 to the United States.

<u>An appropriate order and decision will be entered</u>.